UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| DELORIA B. HARRIS, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | Case No. 1:07-mc-5 |
| v. ) | Judge Mattice |
| ) | |
| DALE F. COOK, SR., ) | |
| ) | |
| *Defendant.* ) | |

_____

| | |
|---|---|
| DELORIA B. HARRIS, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | Case No. 1:07-mc-6 |
| v. ) | Judge Mattice |
| ) | |
| ALBERTO R. GONZALES, *et al.*, ) | |
| ) | |
| *Defendants.* ) | |

## **MEMORANDUM AND ORDER**

The United States Court of Appeals for the Sixth Circuit remanded Plaintiff's appeal of each of these cases to this Court "for the purposes of conducting a hearing as to why the plaintiff can not find counsel and pay the required court costs." (Court Doc. 9.[1]) The Court referred the Sixth Circuit's Order to hold a hearing to Magistrate Judge William B. Carter. (Court Doc. 10.) Magistrate Judge Carter held a hearing on Plaintiff's application to proceed *in forma pauperis* ("IFP") on March 27, 2008. (Court Doc. 11.) Magistrate Judge Carter issued a Report and Recommendation ("R&R") on March 28, 2008

---

[1] The Court document numbers cited in this Memorandum and Order are from the docket of *Harris v. Cook* (1:07-mc-5). The same documents are filed in *Harris v. Gonzalez* (1:07-mc-6) but may have different docket entry numbers in that case.

recommending that Plaintiff be found not indigent. (Court Doc. 12.) Plaintiff has filed an objection to Magistrate Judge Carter's R&R. (Court Doc. 13.)

**I.     STANDARD**

This Court must conduct a *de novo* review of those portions of the R&R to which a specific objection is made and may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1)(C). The Court need only satisfy itself that there is no clear error on the face of the record in order to accept any portion of the R&R to which no specific objection is made. Fed. R. Civ. Proc. 72, Advisory Comm. Notes (2008).

**II.    ANALYSIS**

Plaintiff filed a four-page objection to Magistrate Judge Carter's R&R. (Court Doc. 14.) Plaintiff's objection includes factual background that is irrelevant to the narrow question before the Court at this stage of the proceeding, that is " why the plaintiff can not find counsel and pay the required court costs." (Court Doc. 9.) While Plaintiff raises many issues tangential to the R&R, such as the alleged bias of both Magistrate Judge Carter and the undersigned, as well as the "extortion" being committed by the Hamilton County Circuit Court clerk, she raises only two specific objections to the R&R. Each will be addressed, in turn, below.

Magistrate Judge Carter observed that "it appears to the undersigned that Plaintiff is spending money on things that might not be in her best interest. Trying to maintain multiple residences and trying to keep utilities paid on residences or locations that appear to have little prospect of being of benefit to Plaintiff in the future are examples of my

concern." (Court Doc. 13 at 4.) Plaintiff objects to this statement claiming that it "is biased and in favor of the Honorable Judge." (Court Doc. 14 at 3.)

Immediately following the statement expressing his concern about Plaintiff's spending decisions, Magistrate Judge Carter stated: "Nevertheless, the numbers provided by Plaintiff indicate she has the ability to set aside approximately $250.00 per month towards the filing fees required in this case." (Court Doc. 13 at 4.) The portion of the R&R to which Plaintiff objects, therefore, appears to have had no bearing on the ultimate finding that Plaintiff can afford to pay filing fees.

Plaintiff does not object to the R&R's recitation of her financial situation. Nor does she object to Magistrate Judge Carter's factual finding that she has approximately $250 a month to put towards filing fees. The findings form the basis for Magistrate Judge Carter's recommendation that her application for indigent status be denied.

With regard to Plaintiff's ability to obtain counsel, Magistrate Judge Carter stated: "from the testimony it does not appear Plaintiff has funds in a sufficient amount to hire an attorney unless an attorney would take her case on a contingent basis. From a brief review of the complaint, I assess the likelihood of her being able to obtain counsel on a contingent basis to be remote." (Court Doc. 13 at 4.) Plaintiff objects to this statement, arguing that Magistrate Judge Carter "did not include in his Report the reasons given by Ms. Harris as to why she could not obtain adequate counsel." (Court Doc. 14 at 4.) Plaintiff claims that she "has expressed her position on this matter at the hearing, including the strong and overbearing influence of attorney [sic] on the Clerk's offices and Judiciary." (*Id.*)

Again, Plaintiff does not specifically object to Magistrate Judge Carter's finding that her financial status likely prevents her from being able to obtain counsel except on a

contingency basis. Her "objection" appears instead to be an explanation as to her personal beliefs about why it is more beneficial for her to proceed *pro se* in this litigation. As Magistrate Judge Carter noted, Plaintiff has the right to proceed *pro se* if she so desires. (Court Doc. 13 at 4.)

The Court has reviewed the record and has satisfied itself that there is no clear error. Accordingly, the Court **ACCEPTS** and **ADOPTS** the findings and recommendations in Magistrate Judge Carter's Report and Recommendation [Court Doc. 13].

### III. CONCLUSION

For the reasons explained above, the Court **FINDS** that the Plaintiff is **NOT INDIGENT**. The Court **CONCLUDES** that Plaintiff has the financial ability to pay court costs. The Court further **FINDS** that Plaintiff's ability to obtain counsel is **REMOTE** based on her financial situation and personal bias against attorneys.

SO ORDERED this 21st day of May, 2008.

                                          */s/Harry S. Mattice, Jr.*
                                          HARRY S. MATTICE, JR.
                                      UNITED STATES DISTRICT JUDGE